# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES E. BROWN, II,<br>        Appellant,<br><br>      v.<br><br>OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>        Agency. | DOCKET NUMBER<br>SF-844E-16-0508-I-1<br><br><br>DATE: March 23, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gregory A. Tibbs, Waldorf, Maryland, for the appellant.

Thomas Styer, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The appellant has filed a timely petition for review of the initial decision that affirmed the final decision of the Office of Personnel Management (OPM) denying his application for disability retirement as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2      The appellant, formerly employed by the Smithsonian Institution (Smithsonian), resigned from Federal service in 2012. Initial Appeal File (IAF), Tab 5 at 30. More than 3 years after resigning, he filed an application for disability retirement under the Federal Employees' Retirement System (FERS). *Id.* at 32-35. OPM issued a decision denying his disability retirement application as untimely since it was filed more than 1 year after the appellant separated from service. *Id.* at 10-11 (citing 5 U.S.C. § 8453). OPM, however: (1) informed the appellant that the law permitted a waiver of the time limit if an employee showed that he was mentally incompetent at the time of separation from service or within 1 year thereafter; and (2) invited him to provide evidence showing that his delay

was caused by mental incompetence. *Id.* at 10, 14. The appellant filed a request for reconsideration but indicated that he would not be providing any additional evidence.[3] *Id.* at 7.

¶3 OPM then issued a final decision sustaining its original decision that dismissed the appellant's disability retirement application as untimely filed. *Id.* at 4-5. The appellant appealed the final decision to the Board and requested a hearing. IAF, Tab 1 at 3. During the hearing, he testified that his physical condition prompted his resignation because it affected his lower extremities and required bypass surgery followed by a 6-to-8-month recovery period. IAF, Tab 8, Hearing Compact Disc (HCD), Tab 9, Initial Decision (ID) at 4. He also testified that the Smithsonian did not notify him about the filing deadline when he resigned. ID at 4; HCD. The administrative judge issued an initial decision affirming OPM's final decision denying the disability retirement application as untimely filed. ID at 5. He reasoned that the appellant neither argued nor presented evidence that he untimely filed because of mental incompetence. ID at 2-3. The administrative judge also found that the Smithsonian's alleged failure to notify the appellant of the deadline was not a basis for waiver.[4] ID at 4-5.

¶4 The appellant has timely petitioned for review. Petition for Review (PFR) File, Tab 1.[5] He does not specify the nature of his challenges but offers, for the first time, medical documentation showing that: (1) before his resignation, he

---

[3] The appellant's disability retirement application did not elaborate on the nature of his disability. IAF, Tab 5 at 32-35.

[4] The appellant does not challenge this finding on review, and we see no basis to disturb it. *See Chapman v. Office of Personnel Management*, 110 M.S.P.R. 423, ¶ 11 (2009) (observing that an agency has no duty to inform a FERS employee who voluntarily resigns of the time limit for applying for disability retirement).

[5] Although the appellant states that he is "requesting reconsideration," PFR, Tab 1 at cover page, we treat his request as a petition for review, 5 C.F.R. § 1201.114(a)(1) (explaining that a petition for review is a pleading in which a party contends that an initial decision was incorrectly decided).

suffered various physical conditions that necessitated a bypass surgery on his leg; and (2) after his resignation, he was prescribed various medications, including anti-depressants and anti-anxiety medications. *Id.* at 1-27. OPM has not responded to his petition for review.

¶5      We read the appellant's petition for review as asserting that the disability retirement filing deadline should have been waived under the statute. However, the relevant waiver statute, 5 U.S.C. § 8453, is inapplicable here. It provides that a waiver may be allowed only if an employee is mentally incompetent "at the date of separation from service or within 1 year thereafter." During the proceeding below, the appellant unambiguously stated that he "was not claiming mental incompetence." IAF, Tab 7 at 2. To the extent that the appellant is arguing, for the first time on review, that he qualifies for a waiver because he suffers from anxiety and depression, we decline to consider this new argument. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board need not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence previously unavailable despite the party's due diligence).[6]

¶6      On appeal, the appellant expressly stated that he was not claiming mental incompetence. ID at 2-3. In addition, he does not explain on review why he could not present his medical evidence, which is dated before the initial decision was issued, below. ID at 1; PFR File, Tab 1 at 20; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (observing that the Board will not consider

---

[6] Moreover, an anti-depressant or anti-anxiety prescription cannot warrant a waiver of the filing deadline, given that an employee's depression or anxiety does not automatically amount to mental incompetence envisioned by the statute. *See Burton v. Department of Veterans Affairs*, 83 M.S.P.R. 174, ¶ 7 (1999). Rather, the employee is required to explain why these conditions "impaired his ability to meet the . . . filing limits or seek an extension of time." *Id.* Here, the appellant did not provide any such explanation.

new evidence submitted on review absent a showing that it was unavailable before the record closed despite the party's due diligence).

¶7        Accordingly, we discern no basis to disturb the administrative judge's findings that waiver of the filing deadline was unwarranted and we find that OPM properly dismissed the appellant's disability retirement application as untimely filed.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.